IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| B.H.T., individually and on behalf of D.T., a minor child, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 3:20-cv-0732 |
| v. | ) ) | |
| SUMNER COUNTY BOARD OF EDUCATION d/b/a SUMNER COUNTY SCHOOLS; TENNESSEE DEPARTMENT OF EDUCATION; PENNY SCHWINN, Commissioner of Education; TENNESSEE SECRETARY OF STATE, ADMINISTRATIVE PROCEDURES DIVISION; ELIZABETH D. CAMBRON, Administrative Law Judge; and THOMAS G. STOVALL, Administrative Law Judge, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Judge William L. Campbell, Jr.  Magistrate Judge Barbara D. Holmes |
| Defendants. | ) | |

## PLAINTIFFS' MOTION TO VOLUNTARILY DISMISS WITH PREJUDICE

NOW COME Plaintiffs B.H.T., individually and on behalf of D.T., a minor child ("Plaintiffs"), by and through counsel, and pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure respectfully requests that this honorable Court enter an Order dismissing this matter with prejudice and with each party bearing its own costs and fees. In support of their motion, Plaintiffs hereby state as follows:

FACTUAL BACKGROUND

1. Beth Tippitt is "B.H.T.", one of the Plaintiffs in this matter. The other Plaintiff is her minor child, D.T. (Certification of Beth Tippitt,[1] ¶1.)

2. Beth has been diagnosed with cancer which, while not likely fatal, will severely impede her quality of life, her ability to care for her family, and prevents her from proceeding with the prosecution of this case. Additionally, the stress imposed by continuing this case is another risk factor to her health, as the stresses imposed on her by the actions of Defendant Sumner County Board of Education d/b/a Sumner County Schools ("SCS") have already caused her to seek medical care due to extreme anxiety. This factor, combined with the cancer diagnosis, have made going forward with the case no longer an option. (Cert. Tippitt, ¶3.)

3. Because of Beth's medical situation, Plaintiffs seek voluntary dismissal of this case with prejudice and each party bearing its own costs and fees. She understands that by dismissing the case with prejudice, she is forever waiving the claims made in this case against all of the Defendants named in the matter and is doing so on her own volition and with advice of counsel. (Cert. Tippitt, ¶¶4-5.)

---

[1] Hereinafter "Cert. Tippitt".

4.  Plaintiffs initially sought to voluntarily dismiss this case under Rule 41(a)(1) with the consent of all parties, however, Defendant SCS did not express a position on that method. (Declaration of Robert C. Thurston, Esq.,[2] ¶¶4-10.)

5.  Plaintiffs' counsel conducted a meet and confer pursuant to Local Rule 7.01 via a telephone conference on January 28, 2021, during which all defendants except SCS consented and had no objection to this proposed motion. Counsel for SCS took no position on the proposed motion. (Decl. Thurston, ¶¶11-17.)

6.  There are no counterclaims or crossclaims on file. (Decl. Thurston, ¶18; *see also* ECF ##23, 36, 38.)

## LEGAL ARGUMENT

The Federal Rules of Civil Procedure permit Plaintiffs to request voluntary dismissal of a case "only by court order, on terms that the court considers proper" if not all parties consent. Fed.R.Civ.P. 41(a)(2). Plaintiffs have sought via consent voluntary dismissal with prejudice and each party bearing its costs and fees, but such consent was not unanimous. Plaintiffs have conducted the required meet and confer under Local Rule 7.01(a). All Defendants, except SCS, consented. SCS took no position.

---

[2] Hereinafter "Decl. Thurston".

Plaintiffs believe it is entirely reasonable, given that this case is in its early stages and very little costs have been incurred, to permit them to voluntarily dismiss this case with prejudice – thereby effectively waiving all claims raised in the Complaint against all defendants for all time – and that each party bear its own costs and fees. The parties are saving substantial costs, fees, and time by such dismissal and dismissal would also free resources of this Court. This Court has the discretion to determine the terms of such dismissal, if granted. Fed.R.Civ.P. 41(a)(2).

CONCLUSION

WHEREFORE, Plaintiffs respectfully move this honorable Court to grant this motion, enter an Order dismissing this matter with prejudice, and with the terms that each party bearing its own costs and fees.

Dated: January 28, 2021

Respectfully submitted,

By: /s/ *Robert C. Thurston*
Robert C. Thurston, Esq. (*pro hac vice*)
Thurston Law Offices LLC
100 Springdale Road A3
PMB 287
Cherry Hill, NJ 08003
Telephone: (856) 335-5291
Email: rthurston@schoolkidslawyer.com

/s/ *Michael F. Braun*
Michael F. Braun, Esq. (BPR 032669)
Post Office Box 364
Brentwood, TN 37024
(615) 378-8942
mfb@braun-law.com

Attorneys for Plaintiffs

# CERTIFICATE OF SERVICE

I, Robert C. Thurston, certify that I served all parties and counsel of record the foregoing document by causing the same to be sent via the ECF system for eFilers and via regular mail for non-eFilers on January 28, 2021:

Deanna L. Arivett, Esq.
Angel McCloud, Esq.
Arivett Law, PLLC
201 East Main Street, Suite 410
Murfreesboro, TN 37130
deanna@arivettlaw.com
*Attorneys for Defendant SCS*

E. Todd Presnell, Esq.
Casey L. Miller, Esq.
Bradley Arant Boult Cummings, LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
tpresnell@bradley.com
*Attorneys for Defendant SCS*

Rachel A. Newton, AAG
Shanell L. Tyler, AAG
Office of Tennessee Attorney General
UBS Building, 18th Floor
315 Deaderick Street
Nashville, TN 37243
Mailing Address:
P.O. Box 20207
Nashville, TN 37202
rachel.newton@ag.tn.gov
shanell.tyler@ag.tn.gov
*Attorneys for Defendants Tennessee DOE and Penny Schwinn*

Heather C. Ross, AAG
Civil Law Division
Office of Tennessee Attorney General
UBS Building, 18th Floor
315 Deaderick Street
Nashville, TN 37243
Mailing Address:
P.O. Box 20207
Nashville, TN 37202
heather.ross@ag.tn.gov
*Attorneys for Defendants Tennessee Secy of State APD, ALJs Cambron and Stovall*

/s/ *Robert C. Thurston*
Robert C. Thurston